RECEIVED
IN LAKE CHARLES, LA
JUL - 6 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| HELLER FIRST CAPITAL CORP. | : | DOCKET NO. 2:05 CV 0332 |
| VS. | : | JUDGE MINALDI |
| WILLIAM G. WEST, TRUSTEE FOR THE ESTATE OF SONNY & LISHA, INC., A TEXAS CORPORATION D/B/A BEST WESTERN DERIDDER INN AND SONNY V. THOTTUMKAL | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Presently before the court is an unopposed[1] Motion for Summary Judgment [doc. 7] filed by Heller First Capital Corp. ("Heller").

Facts

Sonny & Lisha, Inc. executed an authentic act of mortgage on the property located at 1213 North Pine Street, DeRidder, Louisiana, 70634 ("Pine Street Property"), in favor of Heller as security for repayment of the note attached as Exhibit A to the petition.

The corporate resolution of Sonny & Lisha, Inc. dated August 19, 1999, authorized Sonny & Lisha, Inc. to obtain the $2,260,000 loan and to mortgage its property to secure the Note. The mortgage was recorded in the records of Beauregard Parish in Book 379 at page 203 at 9:04 on August 23, 1999.

The Assignment of rents was authorized by the August 19, 1999, corporate resolution,

---

[1] The trustee, William G. West, had filed an opposition to the Motion but subsequently withdrew his opposition.

executed by Sonny & Lisha, Inc., and recorded in Beauregard Parish records at Book 695 at page 358.

As of January 5, 2005, the outstanding principal balance on the Note was $1,971,621.02, plus interest, late fees, penalties and reasonable attorney's fees. The Note secured by the Mortgage and Assignment of Rents is past due and in default.

The automatic stay imposed when Sonny & Lisha, Inc. filed bankruptcy has been lifted.[2] Therefore Heller is seeking to enforce its rights under the Mortgage and Assignment.

## Summary Judgment Standard

Summary judgment is appropriate when the movant is able to demonstrate that the pleadings, affidavits, and other evidence available to the Court establish that there are no genuine issues of material fact, and that the moving party is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56(c); See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. 2548, 2552-54, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); and *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-88, 106 S.Ct. 1348, 1355-57, 89 L.Ed.2d 538 (1986). When the nonmoving party has the burden of proof on an issue, the movant must state the basis for the motion and identify those portions of the pleadings, depositions, admissions, answers to interrogatories, together with affidavits, that demonstrate the absence of a genuine issue of material fact.[3] *Celotex*, 477 U.S. at

---

[2] Sonny & Lisha, Inc. filed Capter 11, but it has since been converted to Chapter 7. As such, the Bankruptcy Stay is not effective against Heller, a secured creditor.

[3] FN1. A "material" fact is one that might affect the outcome of the suit under the applicable substantive law. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. In order for a dispute to be "genuine," the evidence before the Court must be such that a reasonable jury could return a verdict for the nonmoving party. *Id.*, see also, *Judwin Properties, Inc. v. United States Fire Ins.*

323, 106 S.Ct. at 2553; *Topalian v. Ehrman*, 954 F.2d 1125, 1131-32 (5th Cir.1992), cert. denied, 506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992). A mere conclusory statement that the other side has no evidence is not enough to satisfy a movant's burden. See *Celotex*, 477 U.S. at 328, 106 S.Ct. at 2555.

Once the movant has shown the absence of material factual issues, the opposing party has a duty to respond, via affidavits or other means, asserting specific facts demonstrating that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514; *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552. The Court must view the evidence introduced and all factual inferences from the evidence in the light most favorable to the party opposing summary judgment. *Eastman Kodak v. Image Technical Services*, 504 U.S. 451, 456-58, 112 S.Ct. 2072, 2077, 119 L.Ed.2d 265 (1992); *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356. However, a party opposing summary judgment may not rest on mere conclusory allegations or denials in his pleadings. Fed.R.Civ.P. 56(e); see also *Topalian*, 954 F.2d at 1131.

## Law and Analysis

No one has entered an opposition to the summary judgment, nor has the validity of the Mortgage and Assignment of Rents been contested. These instruments were executed by Sonny & Lisha, Inc. with corporate authority. They were duly recorded in Beauregard Parish. They are facially valid and Sonny & Lisha, Inc. is in default.

The Mortgage provides at page 7 that an Event of Default occurs under the mortgage when Sonny & Lisha, Inc. defaults in payment of the principal or interest under the Note. On Page 8, Heller is granted the right to accelerate the maturity and demand immediate payment of the Note

---

*Co.*, 973 F.2d 432, 435 (5th Cir.1992).

upon an Event of Default. Filing this suit was an acceleration and demand for payment which has gone unsatisfied. Heller now has the right to foreclose on the Pine Street Property.

Heller has also submitted a request for reasonable attorney's fees. Affidavits were attached requesting the amount of $36,466.92. There were no detailed invoices to support this figure. Before the court will grant attorney's fees, Heller will have to provide much more detailed billing statements so the court can determine if this amount is reasonable.

## Conclusion

There are no genuine issues of material fact and summary judgment will be granted: 1) finding that Heller's Mortgage on the Pine Street Property and the Assignment of Rents are valid and enforceable; 2) and against the Chapter 7 Trustee for the Bankruptcy estate of Sonny & Lisha, Inc., in the principal amount of ONE MILLION NINE HUNDRED SEVENTY ONE THOUSAND SIX HUNDRED TWENTY ONE AND 02/100, plus $8,102.55 in accrued interest through January 5, 2005, late fees and penalties totaling $45,842.00, plus reasonable attorney's fees in an amount to be determined by the court, plus interest thereafter at a rate provided for in the Note.

Lake Charles, Louisiana, this __5__ day of _____, 2005.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE